FÉLIX MEJÍAS, Administrador de Estabilización Económica, peticionario, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE SAN JUAN, HON. J. M. CALDERÓN JR., JUEZ, demandado.

Número 2032.

*Sometido:* 1 de octubre de 1953. *Resuelto:* 10 de diciembre de 1953.

*Juan T. Peñagarícano* y *Rafael A. Rivera Cruz,* abogados del peticionario; *César A. Montilla* y *Jorge Benítez Gautier,* abogados del interventor, recurrente en el recurso de revisión.

EL JUEZ ASOCIADO SEÑOR ORTIZ emitió la opinión del tribunal.

El doctor Andrés Franceschi Antongiorgi es dueño de un inmueble de vivienda edificado con posterioridad al año 1946, habiéndolo adquirido por compra por un precio de $10,000. El doctor Franceschi Antongiorgi arrendó ese edificio a Eudaldo Iglesias mediante contrato verbal de mes a mes por el canon de $65 mensuales, cuyo arrendamiento se efectuó con un hijo del Dr. Franceschi Antongiorgi con anterioridad a la existencia de determinación u orden oficial de clase alguna estableciendo el alquiler máximo de esa edificación de parte del Administrador de Inquilinato de Puerto Rico, hoy Administrador de Estabilización Económica.

Con posterioridad al otorgamiento de ese contrato de arrendamiento el doctor Franceschi Antongiorgi inscribió el inmueble en la oficina de la Administración de Inquilinato de Puerto Rico, mencionando el arrendamiento ya indicado y haciendo figurar como canon provisional de arrendamiento la suma de $65 por mes. Después de haber efectuado esa inscripción, el arrendador, Dr. Franceschi Antongiorgi, solicitó del Administrador que determinara y fijara el alquiler razonable de ese inmueble, sobre la base del costo de construcción de dicha vivienda, por ser ella de construcción posterior al 1 de octubre de 1942. Alega además el arrendador que el canon provisional convenido por su hijo con el arrendatario lo fué sin su consentimiento o conocimiento. Después de haber examinado el inmueble el Administrador

determinó que el costo del mismo, incluyendo el valor del solar, era de aproximadamente $10,000 y a base de esa determinación el Administrador dictó una orden final el día 1 de mayo de 1953 fijando el alquiler máximo de la vivienda en $100 mensuales, a tono con lo dispuesto en el artículo 6 de la Ley de Alquileres Razonables de Puerto Rico. En su orden el Administrador indicó que tal alquiler máximo de $100 era efectivo "tan pronto desocupara el actual inquilino", añadiendo una nota al calce de la orden que lee como sigue: "Se entiende que el actual inquilino continuará pagando $65 por mes, que es el alquiler fijado entre las partes."

El arrendador radicó un recurso de revisión en la Sala de San Juan del Tribunal Superior de Puerto Rico impugnando aquella parte de la orden que condiciona la efectividad del alquiler máximo de $100 mensuales a inquilinos posteriores e impugnando aquella parte de la orden que hemos transcrito, al efecto de que el inquilino Eudaldo Iglesias tendría que pagar solamente $65 mensuales. Finalmente el Tribunal de San Juan dictó sentencia declarando con lugar el recurso de revisión y dejando sin efecto la orden recurrida en tanto en cuanto imponía como condición para su vigencia el cambio de arrendatario o inquilino, y devolvió el caso al Administrador, ordenando que dictase nueva orden disponiendo la efectividad del canon de $100 en cuanto a Eudaldo Iglesias y todos los arrendatarios posteriores. El Administrador de Estabilización Económica ha presentado ante nos el presente recurso de *certiorari*.

El problema planteado se refiere a la validez de la determinación del Administrador al efecto de que el alquiler máximo fijado de $100 mensuales no era aplicable al actual inquilino, o sea Eudaldo Iglesias. El artículo 6 de la Ley de Alquileres Razonables dispone, en parte, lo siguiente:

"Si la vivienda o edificación fuere de construcción posterior al primero de octubre de 1942, el Administrador fijará el alqui-

ler razonable sobre la base del costo de construcción de dicha vivienda o edificio; entendiéndose que en ningún caso el alquiler razonable, computado por una anualidad, excederá del doce (12) por ciento del coste de la obra.

"                    .      .      .      .      .      .      .

"En los casos en que el Administrador ajuste el alquiler que se venía pagando antes de la fecha de vigencia de esta Ley o dicte una orden final sobre cualquier alquiler, fijando en su lugar el alquiler razonable como aquí se determina, el inquilino sólo vendrá obligado a pagar el alquiler básico o el alquiler razonable, a ese efecto fijado, pero no tendrá derecho a reembolso o reclamación alguna por lo pagado en exceso del alquiler razonable con anterioridad a la fecha en que éste se fijare, salvo en los casos en que por disposición expresa de esta Ley el alquiler se ajustare automáticamente a la suma prevaleciente el primero de octubre de 1942, y salvo aquellos casos en que el Administrador dicte una orden provisional aumentando o fijando el alquiler máximo hasta que el caso se resuelva en definitiva; *Disponiéndose,* que el alquiler así aumentado o fijado quedará sujeto a reembolso al inquilino en cuanto a aquella cantidad que resultare en exceso del alquiler máximo que pudiere fijarse por la orden final.

"                    .      .      .      .      .      .      .

"No obstante lo que disponga en contrario cualquier contrato, pacto o convenio celebrado ya, o a celebrarse en lo sucesivo, ningún propietario podrá cobrar ni recibir por el uso, ocupación o arrendamiento de una propiedad de alquiler un canon mayor que el alquiler básico o el alquiler razonable que fije el Administrador, según fuere el caso; *Disponiéndose, sin embargo,* que podrán cobrarse, pagarse o recibirse cánones más bajos que el alquiler básico o el alquiler razonable."

El artículo 12 de la misma ley dispone lo siguiente:

"Sea cual fuere la fecha de su edificación u ocupación y tanto en las viviendas como en los locales de negocio, aunque cambie el dueño o el titular arrendador, llegado el día del vencimiento pactado en el contrato de arrendamiento, éste se prorrogará obligatoriamente para el arrendador y potestativamente para el inquilino o arrendatario, sin alteración de ninguna de sus cláusulas, todas las cuales se reputarán vigentes.

Lo anterior es aplicable tanto a contratos escritos como a convenios orales y la prórroga se entenderá por los plazos que fija el Artículo 1471 del Código Civil, pero nunca por un período mayor que la duración de la emergencia declarada en esta Ley. Dicha prórroga es también aplicable a solares dados en arriendo y en los cuales existen edificaciones pertenecientes a dueño distinto al del solar."

El Administrador alega que la frase contenida en el artículo 12, "sin alteración de ninguna de sus cláusulas, todas las cuales se reputarán vigentes", constituye una limitación estatutaria sobre las facultades del propio Administrador, hasta el punto de que, al fijar un alquiler razonable, el Administrador viene obligado a respetar y hacer cumplir el canon señalado en un contrato de arrendamiento vigente en la fecha de la fijación del alquiler razonable, aun si ese canon es inferior al razonable. No tiene razón el Administrador. Se trata en este caso de un contrato oral de arrendamiento de mes a mes, [1] que se inscribió en la Administración de Inquilinato (hoy de Estabilización Económica) con un canon *provisional* de $65 al mes. Habiendo sido construída la edificación con posterioridad al primero de octubre de 1942, el Administrador determinó el costo de construcción de la edificación y, a base de ese costo, señaló un alquiler razonable de $100 mensuales. Ese canon representa ser el rédito que estaba justicieramente relacionado con la inversión del arrendador. Una vez hecha la determinación administrativa de razonabilidad, ella debió haber sido hecha aplicable tanto a los arrendamientos futuros como a los vigentes. La razonabilidad en el canon no era un atributo exclusivo de futuros contratos, sino que debió haber adquirido efectividad concreta en cuanto a todos los cánones recibidos por el arrendador después de haberse formulado el pronunciamiento administrativo, aun si esos cánones surgiesen de contratos

[1] No es necesario considerar en este caso el posible efecto de un contrato de arrendamiento por un término fijo, en cuanto a la facultad del Administrador de variar las cláusulas del contrato. *Cf. Aponte, Admor.* v. *Tribunal de Distrito,* 67 D.P.R. 840.

vigentes. El arrendador tenía derecho a recibir un alquiler razonable inmediatamente después de la orden del Administrador, ya fuese de inquilinos futuros o de inquilinos actuales. Lo que pudiese constituir un rédito justo, a base del costo de la edificación, constituía una realidad continua, independiente de la fecha de los contratos de arrendamiento. De lo contrario, al arrendador, después de haber logrado una determinación de que $100 constituía el alquiler razonable, se le estaría obligando a recibir un alquiler irrazonable de $65 por un período de tiempo indefinido.

La disposición contenida en el artículo 12 al efecto de que la prórroga del contrato de arrendamiento será obligatoria para el arrendador y potestativa para el inquilino, "sin alteración de ninguna de sus cláusulas, todas las cuales se reputarán vigentes", constituye una limitación sobre las partes, pero no sobre el Administrador; una restricción en cuanto a la actuación voluntaria de las partes, pero no una prohibición del posible ejercicio de las facultades del Administrador. El Administrador, por lo menos en cuanto a un contrato como el envuelto en el caso de autos, de mes a mes, debe tener la facultad de alterar la cláusula contenida en un contrato de arrendamiento relativa a la cuantía del canon, en protección de los intereses públicos, y de los derechos legítimos de las partes, esto es, del derecho del arrendador a recibir un alquiler razonable, y el derecho del arrendatario a no pagar un canon irrazonablemente excesivo.

*Por lo tanto, actuó correctamente el tribunal sentenciador al dejar sin efecto la orden del Administrador. Debe anularse el auto expedido.*

El Juez Asociado Sr. Pérez Pimentel disintió.