FRANK M. RAMÍREZ, demandante y recurrente, *v.* HERNÁN VARGAS GONZE Y PEDRO JIMÉNEZ, demandados y recurridos.

*Número:* R-62-302          *Resuelto:* 4 de junio de 1963

*E. Alcaraz Casablanca,* abogado del recurrente; *Yamil Galib Frangie,* abogado de los recurridos.

Sala integrada por el Juez Presidente Señor Negrón Fernández y los Jueces Asociados Señores Blanco Lugo y Ramírez Bages.

PER CURIAM: El recurrente Frank M. Ramírez, como arrendador, y los recurridos Hernán Vargas Gonze y Pedro Jiménez, como arrendatarios, suscribieron en 31 de marzo de 1960 y 1 de febrero de 1961 contratos para la ocupación de locales residenciales en un edificio de reciente construcción, fijándose un canon mensual de $105 para ser satisfecho por mensualidades adelantadas. En la cláusula 8 de los contratos se convino que "este contrato tendrá vigencia inmediata desde el momento de ser firmado por las partes contratantes y estará en vigor durante todo el tiempo que el arrendatario disfrute de la vivienda; Disponiéndose sin embargo que el tiempo mínimo de ocupación será de doce meses que vencerán el día . . . después de cuya fecha el Contrato quedará automáticamente renovado el día primero de cada mes subsiguiente y por tiempo indeterminado." En 16 de mayo de 1962 la Oficina de Estabilización Económica fijó un canon de $125 a cada uno de los locales ocupados por los recurridos.

En pleito sobre sentencia declaratoria iniciado por el arrendador el tribunal de instancia determinó que no obstante la actuación de la agencia administrativa mencionada, los arrendatarios sólo venían obligados a satisfacer un canon de $105. Acordamos revisar la sentencia dictada.

Una situación similar fue considerada en *Mejías, Admor.*

v. *Tribl. Superior*, 75 D.P.R. 523 (1953), en el cual resolvimos que arrendado por contrato verbal de mes a mes un edificio edificado con posterioridad al 1942, antes de fijarse el canon razonable por el entonces Administrador de Inquilinato, la fijación por éste de un alquiler razonable que exceda al convenido contractualmente es aplicable tanto a los arrendamientos futuros como a los vigentes a la fecha de su determinación. En el presente caso cuando se emitió la orden administrativa de fijación de canon razonable, la relación arrendaticia entre las partes era una de mes a mes, pues ya había expirado el término de un año a que se refería la cláusula octava. La expresión de que "el contrato quedará automáticamente renovado el día primero de cada mes subsiguiente y por tiempo indeterminado" no tiene el alcance que le atribuyen los recurridos de crear una relación perpetua, a su única elección. Tanto es así que en la cláusula siguiente se alude a la obligación del arrendador de notificar al arrendatario con no menos de 90 días de anticipación en caso de que deseare recuperar la vivienda para determinados fines. Además, el texto transcrito no es más que una reproducción de lo que específicamente dispone el Art. 12 de la Ley de Alquileres Razonables, 17 L.P.R.A. sec. 192, al efecto de que "legado el día del vencimiento pactado en el contrato de arrendamiento, éste se prorrogará obligatoriamente para el arrendador y potestativamente para el inquilino o arrendatario, sin alteración de ninguna de sus cláusulas, todas las cuales se reputarán vigentes."

*Se revocará la sentencia dictada por el Tribunal Superior, Sala de Mayagüez, en 21 de noviembre de 1962, y en su lugar se dictará otra determinando que el arrendador recurrente puede cobrar un canon que no exceda del alquiler máximo fijado por el Administrador de Estabilización Económica. Se imponen las costas a los recurridos y la suma de $300 para honorarios de abogado.*